James E. CHANEY, Jr.,
Plaintiff-Appellant,

v.

WAL-MART STORES INC.; Wal-Mart
Store #517, Defendants-Appellees.

No. 16-6255

United States Court of Appeals,
Tenth Circuit.

FILED February 14, 2017

James Emory Chaney, Jr., Pro Se

Sidney G. Dunagan, Gregory Thomas
Metcalfe, Esq., Amy Melissa Stipe, Paula
Williams, GableGotwals, Oklahoma City,
OK, for Defendants-Appellees

Before KELLY, HOLMES, and
MORITZ, Circuit Judges.*

### ORDER AND JUDGMENT **

Paul J. Kelly, Jr., Circuit Judge

Plaintiff-Appellant James E. Chaney,
Jr., appeals from a district court order
dismissing his claims with prejudice for
failure to file an amended complaint as
ordered by the court. 1 R. 388–91. Although
we are mindful that Mr. Chaney is
proceeding pro se, we affirm the district
court's decision and dismiss the appeal for
substantially the same reasons given by
the district court.

This appeal arises out of the second of
two lawsuits that Mr. Chaney filed against
Wal-Mart, his former employer. In the
first suit, Wal-Mart filed a motion to dismiss.
The district court dismissed one
claim with prejudice, and dismissed without
prejudice several others with leave to
file an amended complaint. Mr. Chaney
filed an amended complaint. However, he
did not respond to Wal-Mart's motion to
dismiss the amended complaint, so the district
court dismissed the action without
prejudice. Chaney v. Wal–Mart Stores
Inc., No. CIV-16-111-R, 2016 WL 4083502,
*1 (W.D. Okla. Aug. 1, 2016); 1 R. 160–61.
Mr. Chaney then filed this action, alleging
that Wal-Mart harassed and retaliated
against him due to his disability, retaliated
against him for his whistleblower activities,
and retaliated against him for filing for
workers' compensation. See Chaney, 2016
WL 4083502, at *2–5.

The district court dismissed three claims
with prejudice. See id. at *2–3, *5. However,
it provided Mr. Chaney with 14 days to
amend his complaint to cure specific defects
with respect to his remaining claims,
namely his whistleblower retaliation claim
and his workers' compensation retaliation
claim. Id. at *4–5. The court advised that a
failure to file an amended complaint to
cure the identified defects would result in
a dismissal with prejudice. Id. Because Mr.
Chaney subsequently failed to file an
amended complaint, the district court dismissed
the case with prejudice. 1 R. 388–91.

On appeal, Mr. Chaney argues that the
dismissal was in error because it denied
him his right to procedural due process

---

* After examining the briefs and the appellate
record, this three-judge panel has determined
unanimously that oral argument would not be
of material assistance in the determination of
this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered
submitted without oral argument.

** This order and judgment is not binding precedent,
except under the doctrines of law of
the case, res judicata, and collateral estoppel.
It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

and because the district court may have been biased against him. He requests that this court reverse the district court's order dismissing the case for failure to amend and enter judgment in his favor.

We review the district court's dismissal with prejudice for an abuse of discretion. United States ex rel. Stone v. Rockwell Int'l Corp., 282 F.3d 787, 809 (10th Cir. 2002). Having reviewed the parties' briefs and the record, we conclude that the district court did not abuse its discretion in dismissing Mr. Chaney's complaint with prejudice after he failed to file an amended complaint as ordered by the court. Cf. Gometz v. United States, 334 Fed.Appx. 889, 892 (10th Cir. 2009) (unpublished). Further, Mr. Chaney's suggestion of potential bias is entirely speculative, which is insufficient to demonstrate judicial bias. See Willner v. Univ. of Kan., 848 F.2d 1023, 1027 (10th Cir. 1988).

To the extent Mr. Chaney also challenges other decisions of the district court, including the dismissal of his other claims and an order quashing his subpoenas, we affirm for substantially the same reasons given by the district court. Further, we reject any attempt, if indeed there is one, by Mr. Chaney to assert for the first time on appeal a new cause of action for Medicare or workers' compensation fraud. See Callahan v. Poppell, 471 F.3d 1155, 1161 (10th Cir. 2006).

Accordingly, we DENY IFP, AFFIRM, and DISMISS the appeal.

** This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive